UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN KEITH CRENSHAW,<br><br>         Petitioner,<br><br>     v.<br><br>JOSIE GASTELO, Warden,<br><br>         Respondent. | Case No. EDCV 20-1049-DSF (JEM)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR LACK OF JURISDICTION AND DENYING A CERTIFICATE OF APPEALABILITY |

On May 18, 2020, Allen Keith Crenshaw ("Petitioner") filed a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner challenges his 1999 conviction in San Bernardino County Superior Court Case No. FSB20129. (Petition at 2.)

**PRIOR PROCEEDINGS**

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus actions in this Court, Allen Keith Crenshaw v. Timothy E. Busby, Case No. EDCV 10-1672-GAF (JEM) ("Crenshaw I"), and Allen Keith Crenshaw v. Ronald Rackley, Case No. CV 15-7704-DSF (JEM) ("Crenshaw II"). See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("In particular, a court may take judicial notice of its

own records in other cases, as well as the records of an inferior court in other cases.") (citations omitted); accord United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).[1]

On October 29, 2010, in Crenshaw I, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenged his 1999 conviction in San Bernardino County Superior Court Case No. FSB20129.  (Crenshaw I, Dkt. No. 1.)  On February 23, 2011, the Magistrate Judge issued a Report and Recommendation, recommending that Crenshaw I be dismissed with prejudice as untimely.  (Id., Dkt. No. 13.)  On May 5, 2011, the Court issued an Order Adopting Findings, Conclusions, and Recommendations of United States Magistrate Judge, an Order Denying Certificate of Appealability, and a Judgment dismissing the action with prejudice.  (Id., Dkt. Nos. 17-19.)  On June 8, 2011, Petitioner filed a Notice of Appeal.  (Id., Dkt. No. 20.)  On August 27, 2012, the Ninth Circuit denied Petitioner's request for a certificate of appealability.  (Id., Dkt. No. 23.)

On October 1, 2015, in Crenshaw II, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged the same 1999 conviction at issue in Crenshaw I.  On October 16, 2015, the petition was summarily dismissed without prejudice as an unauthorized successive habeas petition, and a certificate of appealability was denied.  (Crenshaw II, Dkt. No. 5.)  On December 9, 2015, Petitioner filed a Notice of Appeal.  (Id., Dkt. No. 6.)  On February 1, 2016, the Ninth Circuit denied Petitioner's request for a certificate of appealability.  (Id., Dkt. No. 8.)

On May 18, 2020, Petitioner filed the instant Petition, in which he challenges the same 1999 conviction at issue in Crenshaw I and Crenshaw II.

---

[1] On May 18, 2020, Petitioner filed a Request for Judicial Notice, in which he appears to seek judicial notice of various state court records.  (Dkt. No. 3.)  To the extent that Petitioner seeks judicial notice of state court records that have been submitted to the Court in connection with Crenshaw I or Crenshaw II, his request is granted.  To the extent that Petitioner seeks judicial notice of other state court records, his request is denied as those records have not been made available to the Court.

**DISCUSSION**

**I.     DUTY TO SCREEN**

This Court has a duty to screen habeas corpus petitions. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition. Id.; see also Local Rule 72-3.2. The notes to Rule 4 state: "'a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition.'" See Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989).

**II.    THE PETITION IS SUBJECT TO SUMMARY DISMISSAL AS AN UNAUTHORIZED SECOND OR SUCCESSIVE PETITION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides, in pertinent part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [¶]
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear

        and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

        (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3)(A); see also Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts.  "[D]ismissal of a habeas petition as untimely constitutes a disposition on the merits and . . . a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."  McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

     A district court does not have jurisdiction to consider a second or successive petition absent authorization from the court of appeals.  Burton v. Stewart, 549 U.S. 147, 152 (2007) (per curiam); see also Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

     The instant Petition is a second or successive petition challenging the same conviction imposed by the same judgment of the state court at issue in Crenshaw I, which was adjudicated on the merits.  See McNabb, 576 F.3d at 1029.  There is no indication in the record that Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a

second or successive petition.[2]  This Court, therefore, lacks jurisdiction over the Petition under 28 U.S.C. § 2244(b)(3).  See Burton, 549 U.S. at 152.

Accordingly, the Court will dismiss the Petition without prejudice to Petitioner filing a new action if he obtains permission from the Ninth Circuit to file a second or successive petition.[3]

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

The Court has found that the Petition should be dismissed without prejudice as an unauthorized second or successive petition.  For the reasons stated above, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability.  See 28 U.S.C. § 2253(c)(2).

///

///

///

///

---

[2]  Ninth Circuit Rule 22-3(a) provides that "if an application for authorization to file a second or successive section 2254 petition . . . is mistakenly submitted to the district court, the district court shall refer it to the court of appeals."  Rule 22-3(a) also permits the district court to refer a second or successive 2254 petition to the Ninth Circuit in the interests of justice.  In this case, there is no indication that the instant Petition is actually an application for authorization to file a second or successive petition that was mistakenly filed here, and the Court declines to construe it as such.  The Court also does not find that it is in the interests of justice to refer the Petition to the Ninth Circuit under Rule 22-3(a) because it is Petitioner's second successive habeas petition, and he has been advised previously of the requirement to seek the Ninth Circuit's permission prior to filing another habeas petition challenging his state court conviction.  If Petitioner seeks authorization to file a successive habeas petition, he should submit his application directly to the Ninth Circuit Court of Appeals in compliance with Ninth Circuit Rule 22-3.

[3]  If Petitioner obtains permission to file a second petition, he should file a new petition for writ of habeas corpus.  He should not file an amended petition in this action or use the case number from this action because the instant action is being closed today.  When Petitioner files a new petition, the Court will give the petition a new case number.

**ORDER**

IT IS HEREBY ORDERED that: (1) the Petition is dismissed without prejudice; and (2) a certificate of appealability is denied.

DATED: May 20, 2020

　　　　　　　　　　　　　　　　　　　　　　DALE S. FISCHER
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE